**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| BETTY JONES,<br>        Plaintiff,<br><br>                    v.<br><br>THE KROGER, CO.; VETS SECURING<br>AMERICA, INC.; and JOHN DOE,<br>        Defendants. | Civil Action No.<br>1:22-cv-00232-SDG |

## <u>OPINION AND ORDER</u>

This matter is before the Court on Defendants The Kroger Co. (Kroger) and

Vets Securing America, Inc.'s (VSA) unopposed motions for summary judgment

[ECF 21 and 23] and Plaintiff Betty Jones's motion to dismiss [ECF 26], as well as

her supplemental motion to dismiss [ECF 27]. The Court **DENIES** Plaintiff's

motions and **GRANTS** Defendants Kroger's and VSA's unopposed motions for

summary judgment.

## I.     BACKGROUND

### A.     Material Facts

This case stems from a December 7, 2019 vehicle theft that took place in the

Kroger parking lot located at 6678 Covington Highway, Lithonia, Georgia 30058.[1]

---

[1]     ECF 21-2, ¶ 1; ECF 23-2, ¶ 1.

Plaintiff parked her 2016 Red Mercedes SUV in the parking lot just before 5:00 pm.[2] She exited her vehicle and approached the store, holding her car keys in her right hand.[3] A black car with three individuals inside trailed her.[4] As Plaintiff approached the landing to the store, a seventeen-year-old male exited the black vehicle and took Plaintiff's keys from her hand.[5] He got back into the black car, which drove back down the aisle and parked one spot away from Plaintiff's car.[6] Plaintiff ran down the aisle and approached the black car, demanding they return her keys.[7] The male who took her keys then pointed a shotgun out the window at Plaintiff, telling her to get back or he would shoot her.[8] The black car then left the parking lot.[9]

---

[2]   ECF 21-2, ¶ 2; ECF 23-2, ¶ 2.

[3]   ECF 21-2, ¶ 3; ECF 23-2, ¶ 3.

[4]   ECF 21-2, ¶ 4; ECF 23-2, ¶ 4.

[5]   ECF 21-2, ¶ 5; ECF 23-2, ¶ 5.

[6]   ECF 21-2, ¶ 6; ECF 23-2, ¶ 6.

[7]   ECF 21-2, ¶¶ 7–8; ECF 23-2, ¶¶ 7–8.

[8]   ECF 21-2, ¶ 9; ECF 23-2, ¶ 9.

[9]   ECF 21-2, ¶ 10; ECF 23-2, ¶ 10.

Plaintiff stayed near her car.[10] Witnesses on the scene informed her that they had called the police.[11] However, before the police arrived, the black car returned to the parking lot.[12] The seventeen-year-old male and a nineteen-year-old female exited the black car, entered Plaintiff's car, and drove away in it.[13] Several surveillance cameras owned and operated by Kroger recorded the incident.[14]

Shortly thereafter, the police arrived. Additionally, a security patrol car operated by VSA, which was in the parking lot, also pulled up to the scene.[15] Kroger contracted with VSA to provide security services on the premises. Plaintiff met with a Kroger store manager, who remained with her until she left the premises. She was not physically injured in the incident.[16]

Plaintiff filed this action on September 9, 2021 in the State Court of DeKalb County, Georgia.[17] She named Kroger, VSA, and John Doe as Defendants. John

---

[10]   ECF 21-2, ¶ 11; ECF 23-2, ¶ 11.

[11]   ECF 21-2, ¶ 11; ECF 23-2, ¶ 11.

[12]   ECF 21-2, ¶ 12; ECF 23-2, ¶ 12.

[13]   ECF 21-2, ¶ 13; ECF 23-2, ¶ 13.

[14]   ECF 21-2, ¶ 14.

[15]   ECF 21-2, ¶ 15; ECF 23-2, ¶ 14.

[16]   ECF 21-2, ¶ 17; ECF 23-2, ¶ 16.

[17]   ECF 1, ¶ 2.

Doe refers to the VSA employee who was on patrol in the Kroger parking lot on the evening of the incident.[18] Plaintiff brought four counts: (1) negligent security against all Defendants, (2) negligent infliction of emotional distress against all Defendants, (3) negligent hiring, supervision, and retention against VSA and (4) negligent hiring, supervision, and retention against Kroger.[19]

### B.    Procedural History

Defendants removed to this Court on January 20, 2022, after it became clear that Plaintiff was seeking more than $75,000 in damages.[20] A scheduling order regarding the joint preliminary report and discovery plan was filed on February 10.[21] Discovery ended on June 22.[22] Kroger filed its motion for summary judgment on July 15, 2022 and VSA filed its motion on July 21, 2022.[23] Instead of responding to either of Defendants' motions, on August 14, Plaintiff filed a motion to dismiss.[24] She alleges that this Court lacks subject matter jurisdiction because both Plaintiff

---

[18]    ECF 1-1, ¶ 22.

[19]    *See generally* ECF 1-1.

[20]    ECF 1, ¶ 8.

[21]    ECF 12.

[22]    ECF 30, at 2.

[23]    ECF 21; ECF 23.

[24]    ECF 26; ECF 27.

and the John Doe—whom she has not identified—are citizens of Georgia.[25] Both Kroger and VSA responded in opposition.[26]

## II.    LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it can affect the outcome of the lawsuit under the governing legal principles. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A party seeking summary judgment has the burden of informing the district court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If a movant meets its burden, the party opposing summary judgment must present evidence showing either (1) a genuine issue of material fact or (2) that the movant is not entitled to judgment as a matter of law. *Id.* at 324. The moving party bears the burden of demonstrating that summary judgment is

---

[25]   ECF 27, at 1.

[26]   ECF 29; ECF 30.

appropriate. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Id.* This is true even if the motion is unopposed. *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008) ("[The] district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits.") (quoting *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami,* 363 F.3d 1099 (11th Cir. 2004)). However, when a motion for summary judgment is unopposed, "[t]he district court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials. At the least, the district court must review all of the evidentiary materials submitted in support." *Prop. Located at 5800 SW 74th Ave.*, 363 F.3d at 1101–02 (citations omitted).

In determining whether a genuine issue of material fact exists, the evidence is viewed in the light most favorable to the party opposing summary judgment, "and all justifiable inferences are to be drawn" in favor of that party. *Anderson*, 477 U.S. at 255; *see also Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1246 (11th Cir. 1999). "Credibility determinations, the weighing of the evidence, and the drawing of

legitimate inferences from the facts are jury functions," and cannot be made by the district court. *Anderson*, 477 U.S. at 255. *See also Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999). Summary judgment for the moving party is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Plaintiff did not oppose either Kroger's or VSA's motion for summary judgment. Moreover, Plaintiff did not respond to either Defendants' statement of material facts as required by the Court's local rules. LR 56.1(B)(2), NDGa; *see also Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009) (explaining that a plaintiff's "failure to comply with [this Court's] local rule 56.1 is not a mere technicality"). Each of Defendants' facts is supported by a citation to record evidence or evidence of which the Court may take judicial notice.[27] *Reese*, 527 F.3d at 1269 (holding that, "after deeming the movant's statement of undisputed facts to be admitted pursuant to Local Rule 56.1, the district court must then review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact") (internal quotation marks omitted) (citation omitted). The Court

---

[27]   ECF 45-2, at 1–3.

has reviewed the record and concludes that the facts in Defendants' statements of material facts not in dispute on which this Order relies are properly supported by the record. Accordingly, the Court deems the facts in Defendants' statements admitted.[28]

## III.   DISCUSSION

### A.   The John Doe Defendant must be dismissed.

"As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (citing *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997)). However, there is "a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be, 'at the very worst, surplusage.'" *Id.* (quoting *Dean v. Barber,* 951 F.2d 1210, 1215–16 (11th Cir. 1992)). Courts can grant limited jurisdictional discovery to allow for the identification of the John Doe.

---

[28] LR 56.1(B)(2)(a)(2), NDGa ("This Court will deem each of the movant's facts as admitted unless the respondent: (i) directly refutes the movant's fact with concise responses supported by specific citations to evidence (including page or paragraph number); (ii) states a valid objection to the admissibility of the movant's fact; or (iii) points out that the movant's citation does not support the movant's fact or that the movant's fact is not material or otherwise has failed to comply with the provisions set out in LR 56.1(B)(1)."); *id.* at LR 56.1(B)(2)(a)(3) ("The Court will deem the movant's citations supportive of its facts unless the respondent specifically informs the Court to the contrary in the response.").

This case is far beyond that stage. Discovery closed on June 22, 2022, and it appears that Plaintiff has made no attempt to identify John Doe or his place of citizenship. In her motion to dismiss, Plaintiff states that she "did not file a request to remit as she had no knowledge of Doe's likeness until Kroger's video surfaced."[29] There are multiple problems with this explanation. First, Kroger produced videos of the incident to Plaintiff's counsel on January 31, 2022, and March 22, 2022,[30] giving Plaintiff sufficient time to identify the John Doe before the close of discovery. Second, as Defendants point out, Plaintiff was at the scene herself and testified in her deposition to her interactions with the John Doe security officer.[31] Plaintiff had firsthand knowledge of the "likeness" of the John Doe such that the video itself was not necessary.

There is no evidence that Plaintiff made any effort in discovery to inquire with VSA about the identity of this employee. Instead, in her motion to dismiss filed after the close of discovery, Plaintiff alleges that, upon information and belief, John Doe is a Georgia citizen. First, even if John Doe were a proper party and a Georgia citizen, dismissal of the case would not be appropriate because this action

---

[29]   ECF 26, ¶ 4.

[30]   ECF 29, at 4.

[31]   ECF 22-1, at 86–88.

was removed from state court. If this Court lacked subject matter jurisdiction, it would instead have to remand the case. Second, the precise purpose of discovery is to gather evidence to confirm or dispel a party's beliefs. Plaintiff has failed to do so and thus, the general rule disallowing fictitious party pleading applies, and the John Doe must be dismissed from this case as he has not been properly joined and served. *Goodwin v. Reynolds*, 757 F. 3d 1216, 1220 (11th Cir. 2014) (citing 28 U.S.C. § 1441(b)). Thus, this Court has subject matter jurisdiction over this case based on diversity of citizenship.

### B.   VSA is not liable under any negligence theory as it owed no duty to Plaintiff.

Plaintiff has brought three counts sounding in negligence against VSA: negligent security; negligent hiring, supervision, and retention; and negligent infliction of emotional distress. VSA argues that all counts fail because it owed no legal duty to Plaintiff, a requirement of any negligence claim.

"The essential elements of a negligence claim are the existence of a legal duty; breach of that duty; a causal connection between the defendant's conduct and the plaintiff's injury; and damages." *Boller v. Robert W. Woodruff Arts Ctr., Inc.*, 311 Ga. App. 693, 695 (2011). Duty is a threshold inquiry to any negligence claim. A contract can sometimes give rise to a duty to third parties: "[W]henever a premises owner contracts with a private security company the parties may expect

the security services provided to benefit invitees who visit the property." *Pappas Rests., Inc. v. Welch*, 362 Ga. App. 152 (2021), *cert. granted* (Oct. 4, 2022). However, Georgia courts are also clear that "an injured invitee may not recover against the security company for negligent performance if the contract is silent as to the parties' *intent* to confer that benefit." *Id*. In other words, unless it is apparent that a contract is intended to benefit a third-party, the contract does not give rise to a duty with respect to any third-party.

VSA argues that Plaintiff's complaint incorrectly assumes that VSA owed Plaintiff a duty of care based on its contract with Kroger. Under Georgia law, this duty could only arise if Plaintiff shows she was an intended third-party beneficiary of the contract between Kroger and VSA. However, Plaintiff has offered no evidence or argument that such a duty arose. There is no record evidence that Kroger and VSA intended to confer a benefit to Plaintiff. In fact, Plaintiff never even requested a copy of the contract and never requested any deposition testimony from VSA or Kroger as to their contract. More importantly, Plaintiff admits that VSA owed her no duty.[32] Accordingly, the Court holds that VSA is entitled to summary judgment on all claims sounding in negligence.

---

[32]   ECF 23-2, ¶ 18.

### C.      Kroger is not liable for negligent security.

In her negligent security claim against Kroger, Plaintiff alleges that Kroger had a duty to protect invitees from injuries caused by third parties if the injury could have been prevented by the defendant's exercise of ordinary diligence.[33] Kroger argues that it is not liable because it did not have superior knowledge of the alleged hazard. The Court agrees with Kroger and holds that it is not liable for negligent security.

To prevail on a cause of action for negligence under Georgia law, the plaintiff must establish the essential elements of duty, breach of duty, proximate causation, and damages. *Black v. Ga. S. & Fla. Ry. Co.,* 202 Ga. App. 805, 806 (1992). Under O.C.G.A. § 51-3-1, a person who owns or occupies land and by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe.

In order to recover on a premises liability claim, a plaintiff must show (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of

---

[33]   ECF 1, ¶ 31.

ordinary care due to actions or conditions within the control of the owner/occupier. *John v. Battle Station, LLC*, 365 Ga. App. 165, 167 (2022). In other words, a plaintiff is not entitled to recover if the undisputed evidence demonstrates that the plaintiff's knowledge of the hazard was equal to or greater than that of the defendant. *Id*. At the summary judgment stage, the plaintiff has the burden of producing evidence that the defendant had actual or constructive knowledge of the hazard. *Am. Multi-Cinema, Inc. v. Brown*, 285 Ga. 442, 444–45 (2009) (citing *Robinson v. Kroger Co.*, 268 Ga. 735 (1997)). Moreover, "an intervening criminal act by a third party generally insulates a proprietor from liability unless such criminal act was reasonably foreseeable." *Ratliff v. McDonald*, 326 Ga. App. 306, 312 (2014).

Plaintiff has supplied no evidence or argument that the criminal act—the stealing of her car—was reasonably foreseeable to Kroger. She has provided no evidence of prior crime on the property, or any evidence to suggest this crime was otherwise foreseeable. Accordingly, the Court concludes that summary judgment in favor of Kroger is appropriate.

**D.    Kroger is not liable for negligent hiring, supervision, and retention.**

Plaintiff brings a count of negligent hiring, supervision, and retention against Kroger with respect to its relationship with VSA. Kroger argues that Plaintiff simply has no evidence to support such a claim.

"An employer may be held liable for negligent supervision only where there is sufficient evidence to establish that the employer reasonably knew or should have known of an employee's tendencies to engage in certain behavior relevant to the injuries allegedly incurred by the plaintiff." *Leo v. Waffle House, Inc.*, 298 Ga. App. 838, 841 (2009). The same is true for negligent hiring. *See Poole v. N. Ga. Conf. of Methodist Church, Inc.*, 273 Ga. App. 536, 537 (2005) (affirming summary judgment on a negligent hiring claim in the absence of evidence that the employer should have known about the employee's tendency to molest parishioners). "It is a well settled principle of negligence law that the 'occurrence of an unfortunate event is not sufficient to authorize an inference of negligence.'" *Stadterman v. Southwood Realty Co.*, 361 Ga. App. 613, 615 (2021) (quoting *Wilson v. Guy*, 356 Ga. App. 509, 511 (2020)).

Here, Plaintiff has shown no more than the occurrence of an unfortunate event. Kroger details the insufficiency of Plaintiff's evidence in its motion. Plaintiff has provided:

- No evidence as to what duties VSA was contracted to perform.

- No evidence as to whether VSA failed to perform the duties it contracted to perform.

- No evidence that Kroger should have known VSA would not perform, assuming it did not perform.

- No evidence that VSA was contracted to perform any duty for her benefit.[34]

The Court agrees that Plaintiff has failed to provide any evidence or argument sufficient to create a question of material fact as to whether Kroger negligently hired, supervised, or maintained VSA.

### E.   Kroger and VSA are entitled to summary judgment on Plaintiff's negligent infliction of emotional distress claim.

Georgia courts apply the impact rule to claims of negligent infliction of emotional distress. *Lawson v. Bloodsworth*, 313 Ga. App. 616, 618 n.3 (2012). The impact rule denies recovery for emotional distress claims unrelated to physical injuries. While there are a few exceptions, the pecuniary loss rule is the only potentially applicable exception in this case. In order "[f]or a pecuniary loss to support a claim for damages for emotional distress, the pecuniary loss must occur as a result of a tort involving an injury to the person even though this injury may not be physical." *Oliver v. McDade*, 297 Ga. 66, 66 n.1 (2015). The primary example

---

34   ECF 21-1, at 10-11.

is damage to one's reputation. Georgia courts are clear that not all monetary losses suffered by a plaintiff trigger this exception. To hold otherwise would create an exception that subsumes the rule. If any monetary loss, such as medical bills and lost time for work due to emotional distress, qualified as pecuniary loss, this would allow for "bootstrapping of an extreme nature." *Eley v. Fedee*, 362 Ga. App. 618, 627 (2022), *cert. denied* (Oct. 25, 2022).

Here, there was no physical injury to Plaintiff, so the impact rule bars her from recovering for any alleged emotional distress. And Plaintiff makes no argument as to why the pecuniary loss rule should apply. There is no evidence that Plaintiff sustained any tort to the person that would trigger this exception. Accordingly, Plaintiff cannot recover under a negligent infliction of emotional distress theory and Defendants are entitled to summary judgment on this claim.

### F.  Plaintiff is not entitled to punitive damages.

A plaintiff can only recover punitive damages for claims on which she prevails. O.C.G.A. § 13-6-11. Because Plaintiff has not prevailed on any claims in this case, she cannot recover any punitive damages, fees, or costs of the litigation.

**IV.    CONCLUSION**

Kroger's and VSA's unopposed motions for summary judgment are **GRANTED** [ECF 21 and 23]. Plaintiff's motions to dismiss [ECF 26 and 27] are **DENIED**. The Clerk is **DIRECTED** to enter judgment in favor of Defendants and **CLOSE** this case.

**SO ORDERED** this 31st day of March, 2023.

Steven D. Grimberg
United States District Court Judge